Chief Justice Robertson
ii, liven'd ihe opinion of (he court.
(},v the 1 7111 of,¡i¡!y, 1827, Isaac Felix and John ¡YL Ilewil, entered into an agreement, in writing, whereby it was stipulated:
1st. That Felix sold to Hew it the benefit of an executory contract, with one Blackford, for two acres of land. Hewil undertaking to pay the consideration to Blackford.
2 id. That Howit «oí I (o Felix a house and lot in, or near Nichnlasviile, for .§500, payable in four annual installments;-and covenanted to make a title as soon as lie whole consideration should-he paid.
3rd. That Ilewil sold to Felix, two acres of land, belonging to Wm. Shrievo, for $103, for which Felix gave his note, payable to said Bnrieve, on the 1st of October, 1028 ; and He wit covenanted to cause a general warranty deed to be made, by Sbrieve to Feiix, for the two acres, on the pat meat of the §100.
Felix entered on the two acres, and having erected a hemp and machine hoti«e, and rope-walk, and made other improvements, sold the ground and improvements to iil-.vin U. Burn mart (in .Inly 1828) and assigned to him so much of the article of agreement, as related to ihe land so improved and sold. On the 1 I lh of D member, 1823, Burrym in tendered toliewit |!10'0, and the interest then due on that sum, as the consideration for the two acres, and demanded a conveyance. He wit refused to make the conveyance, or cause it to be made, alleging,as an excuse, (hat Felix owed him about §150 of the price agreed to be paid for the house ami lot, and that, as he considered all the stipulations in the article of agreement, its constituting but one entire contract; be was not willing that a title should he made for the two acres, until the consideration for the house and lot had al«o been paid. On the same day, the agent of Berryman notified Shrleve of the tender to Hewit, and offered to make a similar tender to him, and demanded a title. *463 But Shrieve dispensed with a forma] tender, and said, that as H-swit hail made the contract, ami held the note for tlu: $¡00, lie wouid not onjecl to any lie (Hewil) would do, but that he (Surievc) would do nothing Without the concurrence and sanction of Hewil.
stipulations mclmU'ilin *!'e flinie 'vrl* different and di-tinet oon-
On the 1st of January, 1829, Hcwit sold, and Shrieve conveyed to John H. Hanley, the two acres, with all the improvements.
Berryman brought this suit in chancery' against Felix, Hewil, Shrieve and Hanley, praying for a specific execution of the contract for tne two acres, or, (if that could not be decreed) lor the value of the improvements. On the hearing, the circuit court dismissed the bill without prejudice; and to reverse that decree this appeal is prosecuted.
The reason assigned by Hcwit for withholding the title, and afterwards selling the land to Hanley, is entirely unsatisfncloiy. The contract respecting the two acres, to he conveyed by buneve, was seperate and distinct from the other contracts, described in the same writing. It was made for Shrieve; the consul-erilion was to be paid to him; the title was in him, and was to have been made sooner than the title to tne house and lot could llave been demanded, iiowit liad not, therefore, a.« far as he was concerned, a sufficient reason lor relu-ing to carry (lie contract, for ttie two acres, into specific elfect, when tiie consideration for those two acres was tendered. Hcwit had no lien on the two acres of land, for the payment of the consideration of the house. and lot. Nor could Han-ley (being a purchaser with full notice) object to a decree requiring him to convey to the appellant; if, as to Shrieve, it would be proper to render such a decree. But, though Shrieve admits that he was d imposed I o (ic-quiesre in the sale of the two acres to Felix, he denies that he authorised it, and there is no proof of authority in He wit to make it: Therefore, whatever may be the moral aspect of the case, Shrieve is not bound in law or equity, by tile contract; and consequently hi- conveyance to Hmlcy cannot be disturbed, even though it was made, at the instance, and doubtless, for the benefit of Hcwit.
But the appellant was, nevertheless, entitled to re> *464 Iicf. Failing in his first object, the chancellor, having jurisdiction of the case, ought to have ordered an inquisition, and decreed to him, compensation for the improvements made on the two acres by Felix; deducting the value of the use of the ground, and of waste, if any had been committed. The improvements should be estimated at the time the tender was made; and the decree should be rendered against Hewit and Shrieve jointly, as the latter permitted the improvements to be made in consequence of the contract with Hewit, and was, as the owner of the land, benefitled by them.
A, vvitln>ut autlinriiy, sella land be-loniini.' lo B, covenants to canse a getter 11 warranty deed to be made to the purchaser, & in virtue of the contract, anti by pi r-mission ol B the purchaser makes vnlna-bfe improvements on the land, and af-terwards B retases to carry the sale by A into effect, in such case A & B are both jointly resaonsib'e for the value cf the im-pruvemeuts.
Chinn, for appellant; Hewitt, for appellees.
There is no equitable ground for setting off the improvements against the balance alleged to be due from Felix, for the house and lot, which he bought from Hewit. ft would seem probable, from the record, that Hewit has received the whole amount; and if he has not, he has ample security.
Wherefore, the decree, as to Hanley, is affirmed: But as to the other appellees, it is reversed, and the cause remanded, for proceedings and decree consistent with this opinion.